09-0947-cv
Estrella v. P.R. Painting Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the fifteenth day of December, two thousand nine.

PRESENT: DENNIS JACOBS,
<u>Chief Judge</u>,

DEBRA ANN LIVINGSTON,
<u>Circuit Judge</u>,

JED S. RAKOFF,[*]
<u>District Judge</u>.

_____

- - - - - - - - - - - - - - - - - - -X

Miguel Estrella, Higinio Pena, Walter Redwood, William Smith, Pablo Torres, Juan Torres, individually and on behalf of all others similarly situated,

<u>Plaintiffs-Appellees</u>,

---

[*] Jed S. Rakoff, Judge of the United States District Court for the Southern District of New York, sitting by designation.

                    v.                          09-0947-cv

P.R. Painting Corp., Kenneth Romano,

            **Defendants-Appellants.**[**]

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**        Gerald V. Dandeneau, Dandeneau &
                           Lott, Melville, NY.

**FOR APPELLEES:**         Jonathan A. Bernstein, Levy Davis &
                           Maher, LLP, New York, NY.

        Appeal from a judgment of the United States District

Court for the Eastern District of New York (Spatt, <u>J.</u>).

        **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of the district court is

**AFFIRMED.**

        Defendants, P.R. Painting Corp. ("P.R. Painting") and

Kenneth Romano, appeal from a judgment entered in the United

States District Court for the Eastern District of New York

(Spatt, <u>J.</u>).  Appellees, employees of P.R. Painting, claim

that Appellants' payment of overtime violated, <u>inter alia</u>,

Section 7 of the Fair Labor Standards Act of 1938 ("FLSA"),

29 U.S.C. § 207.  On Appellees' motions, the district court

---

[**] We direct the Clerk of the Court to amend the
official caption as noted.

granted partial summary judgment in their favor on the issue of liability. The parties thereafter stipulated to damages, and judgment was entered for Appellees in the amount of $65,877.60 plus interest, costs, and fees. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review summary judgment decisions de novo. Woodman v. WWOR-TV, Inc., 411 F.3d 69, 75 (2d Cir. 2005). Appellants and Appellees were parties (through their respective bargaining associations) to two labor agreements, a Collective Bargaining Agreement ("CBA") and a Market Recovery Agreement ("MRA"). Each covered a different type of work, and with a different rate of compensation. Appellees performed both types of work. P.R. Painting paid them at the higher of the two rates (the CBA rate) for the first 35 hours worked every workweek, at the lower of the two rates (the MRA rate) for the next 5 hours worked (hours 36-40 of each workweek), and at one-and-a-half times the lower rate for every hour worked over 40.

When work in a single workweek is performed at two or

more non-overtime rates, 29 U.S.C. § 207(a) requires that overtime ordinarily be compensated at not less than one-and-a-half times the weighted average of all non-overtime rates applied during that workweek.  <u>Gorman v. Consol. Edison Corp.</u>, 488 F.3d 586, 596-97 (2d Cir. 2007).  Appellants do not contest that their compensation method does not comport with this requirement.  Instead, they argue that their compensation method falls within the exception provided for by 29 U.S.C. § 207(g)(2).  Their argument fails.

Section 207(g)(2) provides an exception to the weighted-average method of overtime compensation if (1) a given "employee perform[s] two or more kinds of work for which different hourly . . . rates have been established," (2) overtime compensation is "computed at rates not less than one and one-half times such bona fide rates applicable to the same work when performed during nonovertime hours," and (3) such computation method is applied "pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work."  29 U.S.C. § 207(g).  Neither party contests the district court's

holding that Appellees "perform[ed] two or more kinds of work for which different hourly . . . rates have been established."

The district court held that Appellants' overtime compensation method was not applied "pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work," and accordingly granted summary judgment. Appellants assign error to that holding. But we need not consider Appellants' assignment of error because, even assuming they are correct, we find the evidence that they paid overtime "at rates not less than one and one-half times such bona fide rates applicable to the same work when performed during nonovertime hours" is insufficient to survive summary judgment. See Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 405 (2d Cir. 2006) ("[W]e are free to affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied.").

Appellants paid all overtime compensation at one-and-a-half times the lower, MRA non-overtime rate. If, as

Appellants contend, Appellees in fact worked all overtime hours on MRA jobs--to which the lower rate applied-- Appellants' payment method satisfies § 207(g)(2) because it compensated Appellees at "one and one-half times" the rate "applicable to the same work when performed during nonovertime hours." But Appellants cite only two items of evidence to support their contention, neither of which suffices to establish it. First, Appellants argue that all overtime hours must have been worked on MRA jobs because they were paid at one-and-a-half times the MRA non-overtime rate. This argument assumes the very fact at issue, i.e., it assumes that overtime hours were in fact worked on MRA jobs. Second, Appellants point to an affidavit submitted by defendant Kenneth Romano. (The district court declined to consider the Romano affidavit, on the ground that it contradicted Romano's prior deposition testimony, but we need not address this decision as we find the evidence insufficient even including Romano's affidavit.) The affidavit stated that "the MRA work performed by the Plaintiffs was usually work performed on Saturdays or after

the [non-MRA] work had been performed" (emphasis added). But that statement supports at most a conclusion that *some* of the overtime hours worked by Appellees were worked on MRA jobs. This is not enough to survive summary judgment on the issue of liability: If P.R. Painting failed to compensate Appellees properly for even one hour of overtime, liability is established. Anything else relates only to damages, which were stipulated and are not challenged on appeal.

We have reviewed Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By: _____